IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBORAH HILLGAMYER,

          Plaintiff,                          OPINION & ORDER

v.                                                     11-cv-729-wmc

RELIASTAR LIFE INSURANCE COMPANY,
and SECURITY LIFE OF DENVER
INSURANCE COMPANY,

          Defendants.

---

In response to plaintiff filing an unopposed motion for preliminary approval of class settlement, the court held a telephonic conference to address three concerns, all pertaining to an apparent conflict of interest between the proposed class representative Deborah Hillgamyer and the class members. The parties were asked to submit supplemental briefing to address the court's concern, which is now before the court. (Dkt. #88). While the court is reluctant to upset what may well be a reasonable settlement of the class members' claims, the parties' briefing and proposed changes to the draft notice and waiver language do not resolve the court's concern about the adequacy of plaintiff Hillgamyer as a class representative, at least in its current form.

Because plaintiff's submission suggests, at least, that the court's concern about Hillgamyer's adequacy is unclear to the parties, the court will attempt to spell that out again: Hillgamyer's pursuit and settlement of an individual claim is in and of itself not incompatible with her serving as the class representative. Rather, the court is concerned that Hillgamyer settled her individual bad faith claim for a relatively large sum of money

and agreed to a release -- not just for herself, but for all class members -- that not only waives the limited claims of the class, but also possible bad faith claims like the individual claim Hillgamyer settled to the extent other members of the class may have them. As such, the court is concerned that there is at least an appearance, if not an actual risk, that Hillgamyer secured her large individual settlement in part due to class members' waiving similar individual claims. Hillgamyer might not even have been aware of this conflict of interest, but still it might have influenced her ability to represent the interests of the other class members objectively.

In response to this concern, plaintiff directs the court to decisions which do not address this concern. While the court understands that the Rule 23(b)(3) class provides a mechanism for class members to opt out and pursue their own unique or larger claims in a separate lawsuit, this does not ameliorate the requirement that the court ensure that the requirements of Rule 23 are satisfied, even in certifying a class for settlement purposes. If it did, then the adequacy requirement would be rendered meaningless. Moreover, the court also understands that a settlement *may* waive claims beyond the particular class claims at issue, but typically these involved claims waived by all members of the class for equal compensation, save for a small payment for the extra work performed by the class representative. Here, Hillgamyer's substantially larger settlement of her individual claim raises concerns about the scope of the class waiver of the same claim without *any* compensation to the extent other members already have or will have such a claim.

In addition to a supplemental discussion of the law, the parties offered two changes to the original materials submitted to the court. First, the proposed notice now contains additional information about Hillgamyer's individual settlement. While this language may alert class members to the possibility of an individual bad faith claim, it still does not advise other members of the fundamental issue: they are all waiving bad faith claims like the one Hillgamyer pursued individually by not opting out.

The parties also "modified" the release language, though the court cannot discern any meaningful difference between the original and modified language. Specifically, the modified language still waives "any and all claims related in any way to the delays in their processing of any claim for a death benefit," regardless of the language's reference to the specific Illinois statute providing interest. (Dkt. #89-4 at 20 (relying on "and/or" to describe the claims at issue).)

So, where does this leave the court's concern and parties' legitimate interest in resolving not just their dispute but the class action dispute as well? The court offers three possible solutions:

**Option One: Change the Scope of the Waiver.** The parties could change the language in the settlement to limit it to the release of the class claims only:

> Plaintiff and all Settlement Class Members, on behalf of themselves, and their heirs, assigns, executors, administrators and successors, expressly release and discharge RLI and SLD, and their predecessors, successors and assigns, and independent agents, from any and all claims related to the calculation or payment of interest on any death benefit paid by either of them under any life insurance policy issued in the State of Illinois for which a death benefit was received relating to a death that occurred during the Class Period.

3

**Option Two: Revise Disclosure Language.** Spell out in bold, clear and unambiguous language in the class notice, under question 2 explaining Hillgamyer's inherent conflict of interest, what class members will be waiving by not opting out:

> **By becoming a member of this class, you will likely be waiving any right you have to bring an individual bad faith claim based on delay in payment like that brought by the class representative and may want to consult with your own legal counsel on the advisability of opting out of the class settlement.**

**Option Three: Appoint A New Class Representative.** Plaintiff could propose another class representative who does not have the conflict of interest presented by Deborah Hillgamyer.

The court would also welcome any other option that addresses the court's fundamental concern here. Short of that, Hillgamyer might wish to settle her claim only. The parties may have until October 16, 2013, to provide a status update.

In the meantime, the court finds plaintiff's motion to certify class (dkt. #18), defendant Security Life of Denver Insurance Company's motion to dismiss (dkt. #30), and defendants' motion for leave to file supplemental response to motion for class certification (dkt. #80) to be moot at this time, but will take them up again if plaintiff withdraws her motion for preliminary approval of settlement agreement.

ORDER

IT IS ORDERED that:

1) a ruling on plaintiff's unopposed motion for preliminary approval of settlement agreement (dkt. #83) is RESERVED, pending a status update from the parties to be filed on or before October 16, 2013; and

2) plaintiff's motion to certify class (dkt. #18), defendant Security Life of Denver Insurance Company's motion to dismiss (dkt. #30), and defendants' motion for leave to file supplemental response to motion for class certification (dkt. #80) are DENIED as moot.

Entered this 30th day of September, 2013.

                BY THE COURT:

                /s/

                _____
                William M. Conley
                District Judge