UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEBORAH HILLGAMYER,<br><br>    Plaintiff,<br><br>v.<br><br>RELIASTAR LIFE<br>INSURANCE COMPANY, and<br>SECURITY LIFE OF DENVER<br>INSURANCE COMPANY,<br><br>    Defendants. | Case No. 11-CV-00729-WMC |

**ORDER FOR FINAL JUDGMENT**
**BASED ON CLASS ACTION SETTLEMENT AGREEMENT**

This court held a Final Approval Hearing on January 23, 2014, to determine:

A.    Whether the proposed settlement between Plaintiff, Deborah Hillgamyer ("class representative"), and Defendants, ReliaStar Life Insurance Company and Security Life of Denver Insurance Company ("defendants"), on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate; and

B.    Whether to enter the Order for Final Judgment (Exhibit E to the Settlement Agreement).

The Final Approval Hearing on the Settlement Agreement was held before this court, at which time all interested persons were afforded an opportunity to be heard. Plaintiff appeared by Attorney Eric J. Haag. Defendants appeared by Attorney Clark C. Johnson. No member of the class appeared.

Having considered the Settlement Agreement, the supporting documents filed by the parties, the evidence and argument received by the court at the preliminary approval stage and

1

today's final approval hearing, the court grants final approval to the settlement and hereby orders and adjudges as follows:

1. The court adopts the definitions of all defined terms set forth in the settlement.

2. This court has jurisdiction over the subject matter of this litigation and personal jurisdiction over Defendants and class members.

3. This court has original jurisdiction and supplemental jurisdiction over state law claims asserted by Plaintiff and/or the Class because the state law claims derive from a common nucleus of operative facts and form part of the same case or controversy as those claims over which the Court has primary jurisdiction.

4. Notice was properly directed to the Class and such notice served on the Class constituted the best notice practical under the circumstances and is in full compliance with the notice requirements of due process and Fed. R. Civ. P. 23.

5. Notice was provided by individually mailing notice to class members, conducting address searches for beneficiaries whose notices were originally returned, publishing notice in USA today and in the Chicago Tribune (where more of the Class was likely to be concentrated), and by posting the Notice and Claim Form on the website described in the Settlement Agreement.

6. Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715, Defendants have given the Attorney General of the United States and the appropriate state official in each state in which a class member resides timely notice of the settlement. The appropriate CAFA Notices were provided to those officials not later than ten (10) days after the motion seeking preliminary approval of the settlement was filed. This Final Approval Order is not being issued

earlier than 90 days after the last of the dates on which the appropriate Federal and State officials were served with notice of the proposed settlement.

7. The Defendants' CAFA Notice regarding the settlement was timely, adequate, and compliant with statutory requirements of CAFA, and no government official has filed objection to the Settlement Agreement or its terms.

8. The terms and conditions set forth in the Settlement Agreement reached between the Plaintiff Deborah Hillgamyer, individually and on behalf of the Class, and the Defendants are fair, reasonable, adequate and in the best interest of the Class.

9. More specifically, the court finds that the Settlement is rationally related to the strength of the Plaintiff's claims taking into account the risk, expense, complexity, and duration of further litigation. The court also finds that the settlement is a result of arm's length negotiations between experienced and qualified counsel representing the interests of the Settlement Class and the Defendants after thorough factual and legal investigation. Finally, the court notes that *no* class members have objected to the settlement.

10. Accordingly, the settlement is approved and it is ordered that the parties shall take the steps outlined in the Settlement Agreement to consummate the settlement.

11. The Class Representative and Class Counsel have fairly and adequately represented the interests of the class in this matter and in its resolution.

12. The court confirms as final the appointment of Deborah Hillgamyer as Class Representative and Atterbury, Kammer & Haag, S.C. as Class Counsel.

13. This Order and Judgment is binding upon the Class Representative, the Settlement Class, and the defendants.

14. The court further approves Class Counsel's petition for attorneys' fees and expenses and finds that $268,000.00, as set forth in Class Counsel's Petition for Attorneys' Fees and Expenses (Dkt#94-102), is appropriate based on Rule 23 and applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals. Defendants are ordered to pay such fees and expenses in accordance with the Settlement Agreement.

15. The court also specifically finds and determines that payments to the class members as provided for in the Settlement Agreement are fair and reasonable. The proposed plan of allocation is reasonable and related to the strengths of the respective claims asserted. The court gives final approval to, and Orders payment be made to, claimants who have timely submitted valid claim forms pursuant to the Settlement Agreement in aggregate amount of $507,000.00 ($775,000.00 minus $268,000 in attorneys' fees and expenses). Settlement payments shall be made in accordance with the terms of the Settlement Agreement.

16. All members of the Class who have failed to exclude themselves from the settlement, regardless of whether or not they filed a timely claim form, are hereby deemed to have released the Defendants and each of their present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, managers, successors, and assigns, from any and all claims related to the calculation or payment of interest on any death benefit paid by either RLI or SLD under any life insurance policy issued in the State of Illinois for which a death benefit was received relating to a death that occurred during the Class Period, which the Class may now have or at any time hereafter have for any period up to and including the date of the Court's Preliminary Approval Order (also referred to as the "Hearing Order").

17. All of the claims asserted in this lawsuit by the Class Representative, individually and on behalf of the Class, are dismissed with prejudice and with each party to bear its own costs and fees except as set forth above.

18. This court retains jurisdiction over all matters relating to modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement and this Order.

19. If this Order for Final Judgment is reversed on appeal, the Settlement Agreement and the Final Approval Hearings related to it are all deemed to be without prejudice to the rights of the parties to the litigation, who shall return to the positions and procedural posture occupied prior to the filing of the motion for preliminary approval.

20. The clerk is, therefore, directed to enter this final judgment and close the case.

Dated: January 23, 2014        IT IS SO ORDERED:

_____
William Conley, United States District Judge